UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

Latoya Doss

    Debtor

_____/

AmeriCash Loans, L.L.C. dba AmeriCashLoans.net,

    Plaintiff,

v.

Latoya Doss

    Defendant.

_____/

Chapter 7

Bankruptcy Case No. 17-02855

Adversary No. 17-00256

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiffs are AmeriCash Loans, L.L.C. dba AmeriCashLoans.net ("Plaintiff")
2. The Defendant is Latoya Doss ("Defendant")

**B. Factual Background**

1. Defendant filed a Chapter 7 Bankruptcy on January 31, 2017 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, AmeriCash Loans, L.L.C. dba AmeriCashLoans.net Loan No.X963, in which the loan was listed on Debtor's Schedule E/F.
2. On April 29, 2017, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,456.73.
3. That on May 1, 2017, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via first-class mail, postage prepaid to:
    a. Latoya Doss, 14 Highland Street, Calumet City, IL 60409
4. That on August 3, 2017, a copy of the Alias Summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via first-class mail, postage prepaid to:
    a. Latoya Doss, 14 Highland Street, Calumet City, IL 60409
    b. Jason A. Diaz and Janna L. Quarless, Semrad Law, 20 S. Clark St., Fl. 28, Chicago, IL 60603-1811

5. The Alias summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.
6. No evidence has been presented to challenge the validity of Plaintiff's claim.
7. Debtor's monthly net income was negative -$13.98 at the time of filing for bankruptcy and it is improbable the Debtor's income changed drastically since the Loan application date and it would render the loan payment in the amount of $188.43 bi-weekly impossible for the Debtor to repay.
8. Debtor owed $7,925.00 in unsecured debt, $12,133.00 in secured debt at the time she entered into the loan, which is not reflected in the Debtor's monthly income.
9. The debt is a cash advance aggregating more than $750.00 and is considered an open end credit plan.
10. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 40 days prior to the filing of his Chapter 7 bankruptcy petition.
11. The Defendant did not make a single payment towards the loan.
12. Based upon the objective factors stated in the Complaint and below the Debtor did not intend to repay the loan.
13. On or about September 27, 2017 the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

A. **Jurisdiction**
   1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)
   2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 (b).
   3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**
   1. This action was initiated under 11 U.S.C. § 523(a)(2)(A), on April 29, 2017.
   2. Additionally, the Plaintiff is seeking an exception to the discharge pursuant to § 523(a)(2)(c).
   3. The Defendant scheduled the Plaintiff's claim in the amount of $1,371.87.
   4. The Bankruptcy Code refers to section 103 of the Truth in Lending Act in defining open end credit.

5. Pursuant to 11 U.S.C. § 523(a)(2)(C), a "presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case." *George*, 381 B.R. at 915.

6. In this case the Defendant filed its bankruptcy within 70 days of being issued the loan and because the loan is for greater than $750.00, this loan is not dischargeable.

Dated: 11/7/17

Enter:

United States Bankruptcy Judge

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff

/s/ **Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
24100 Southfield Road, Suite 203
Southfield, MI 48075